# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KURT DWAIN EBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-354 TLS |
| | ) | |
| MIKE MATTERN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Kurt Dwain Eby, a *pro se* prisoner, filed a Complaint [ECF No. 1] alleging that he was denied medical care by Jail Commander Mike Mattern while he was a pretrial detainee at the Marshall County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A(b), this Court must review the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Eby alleges that he was denied healthcare for 410 days despite three doctors recommending surgery for a tumor and two broken ear drums. As a result, he alleges that he was left in severe pain while bleeding from the ears. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally

related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 561). These allegations against Jail Commander Mattern plausibly allege that denying Eby medical care was not rationally related to a legitimate nonpunitive governmental purpose.

For these reasons, the court:

(1) **GRANTS** Kurt Dwain Eby leave to proceed against Jail Commander Mike Mattern in his individual capacity for compensatory damages for preventing him from receiving surgery for his tumor and broken ear drums;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for Jail Commander Mike Mattern to the United States Marshals Service along with a copy of the complaint and this order;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Jail Commander Mike Mattern; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Jail Commander Mike Mattern respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 24, 2016.

    s/ Theresa L. Springmann\
    THERESA L. SPRINGMANN\
    UNITED STATES DISTRICT COURT\
    FORT WAYNE DIVISION