UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| KURT DWAIN EBY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 3:16-CV-354-TLS |
| MIKE MATTERN, | ) |  |
| Defendant. | ) |  |

# OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [ECF No. 17], filed by Defendant Mike Mattern on August 18, 2016. The Defendant asserts that the Plaintiff's claims under 42 U.S.C. § 1983 are barred by the statute of limitations because he did not file his Complaint until over two years after his claims accrued. The Plaintiff, who is proceeding pro se, was provided with the Notice [ECF No. 18] describing his responsibility to respond to the Motion for Summary Judgment. Additionally, he was granted an extension of time, until December 8, 2016 [ECF No. 24] to respond to the Motion. The Plaintiff has not filed a response. For the reasons stated in this Opinion and Order, the Court finds that the Plaintiff's claims are time-barred.

# STATEMENT OF FACTS

**A.  The Complaint**

The Plaintiff filed his pro se Prisoner Complaint on June 6, 2016 [ECF No. 1]. The signature line indicated that it was prepared on May 26, 2016. The Plaintiff sued the Jail Commander at the Marshall County Jail, Mike Mattern, and referred to events that occurred at the Marshall County Jail when he was confined awaiting trial. Specifically, he alleged that in

April 2013, he was attacked by an inmate who was known to be violent. He was then refused medical treatment. Eventually, he was taken to three specialists, who indicated that he had broken ear drums and a tumor, for which surgery was recommended. However, the Defendant did not take the Plaintiff for further visits. This caused the Plaintiff to continue to suffer, for 410 days, with severe pain and bleeding from his ears.

B.  **Affidavit of Michael Mattern**

The Affidavit of Defendant Michael Matter is provided in support of the Motion for Summary Judgment. The Defendant has been the chief jailer with the Marshall County Sheriff for more than ten years. He submits that the Plaintiff was an inmate in the Marshall County Jail from March 22, 2013, through May 21, 2014, when he was transferred out. The Defendant did not have any involvement with the Plaintiff's incarceration after his transfer.

## ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment in favor of a defendant on its statute of limitations defense is properly granted if two conditions are met. *See Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) First, "the statute of limitations has run, thereby barring the plaintiff's claim as a matter of law," and second, there are "no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim which may be resolved in plaintiff's favor." *Id.* (citing quoting *Green v. United States*, 765 F.2d 105, 107 (7th

Cir. 1985)).

"A party asserting that a fact cannot be . . . disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . affidavits or declarations." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In cases alleging the denial of medical treatment in violation of the Eighth Amendment, the Seventh Circuit has stated that "[e]very day that [a defendant] prolonged [a prisoner's] agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). Therefore, the claim can accrue for as long as a defendant knows about a prisoner's serious medical condition and has the power to provide treatment. *Id.* According to the undisputed facts of this case, the last date the Defendant could have denied the Plaintiff medical treatment for his medical condition was May 21, 2014. After that date, the Defendant had no power to direct or provide treatment to the Plaintiff, as he had already left the jail. Thus, there is no genuine issue of material fact in dispute as to when the Plaintiff's claim accrued.

Because § 1983 does not provide for a specific statute of limitations, federal courts look to the law of the state where the injury occurred to determine the statute of limitations in a § 1983 case. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Kelly v. City of Chi.*, 4 F.3d 509, 510 (7th Cir. 1993). Specifically, they incorporate the forum state's limitations period for personal injury claims, *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009), which in Indiana

is two years, Ind. Code § 34–11–2–4. This is the statute of limitations that applies to the Plaintiff's Eighth Amendment claim.

Two years after the last accrual date of May 21, 2014, was May 22, 2016. The Plaintiff dated his Prisoner Complaint May 26, 2016. Because the statute of limitations had already run when the Plaintiff submitted his Complaint, his claim is barred by the statute of limitations. The Court will enter summary judgment in favor of the Defendant.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion for Summary Judgment [ECF No. 18]. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on January 11, 2017.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION